# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

ANTHONY S. GALUTZA,        )
                                 )
             Plaintiff,           )
                                 )
vs.                                )       Case No. 05-CV-58-GKF-PJC
                                 )
HARTFORD LIFE AND ACCIDENT     )
INSURANCE CO.,                    )
                                 )
             Defendant.       )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Summary Judgment on His Breach of Fiduciary Duty Claim [Docket # 27], and the parties' briefs addressing plaintiff's breach of fiduciary duty claim [Docket ## 26, 28, and 29].

Plaintiff Anthony Galutza ("Galutza") seeks relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 *et seq*. ("ERISA") from a denial of long term disability benefits by defendant Hartford Life and Accident Insurance Co. ("Hartford"). Galutza brings two claims. The first is for improper denial of benefits brought pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover benefits due under the terms of the plan. The second is a claim for equitable relief brought pursuant to 29 U.S.C. § 1132(a)(3) and premised on a theory of breach of fiduciary duty. The parties previously agreed that Galutza's claim of breach of fiduciary duty should be bifurcated from his claim for ERISA benefits and should be determined first. *See* Docket #16. Hence, the issues presently before the Court relate *only* to Galutza's claim for equitable relief under § 1132(a)(3). As more fully discussed below, the presentation of the § 1132(a)(3) equitable claim for resolution prior to consideration of the § 1132(a)(1)(B) claim places "the cart before the horse" because it effectively prevents this court from evaluating whether "other adequate ERISA relief is

available" under the specific facts and circumstances of this case.

The following facts are not in dispute.  In July, 1997, FedEx Freight East, Inc. hired Galutza as a Road Driver.  In November of 2002, as a result of an on-the-job injury, Galutza, who was a thirty-six years old at the time, underwent a C4-5 anterior cervical discectomy and fusion.  On June 16, 2003, Hartford approved Galutza for long-term disability benefits, retroactive to April 28, 2003.  On November 25, 2003, one of Galutza's treating physicians, Dr. Eric Sherburn, examined Galutza and recommended more testing and possibly more surgical intervention. [Document No. 19-7, pp. 28-31].  Sherburn subsequently received copies of surveillance videotapes of Galutza from a workers' compensation defense attorney, with a request that Sherburn view them.  On December 18, 2003, Sherburn opined that, after viewing the videotapes, he "[did] not feel that [Galutza] is qualified to be temporarily totally disabled nor do I think he is currently temporarily totally disabled."  [Document No. 19-5, p. 50].  On January 21, 2004, Hartford received a letter from the workers' compensation adjuster advising that the workers' compensation carrier had ceased paying benefits based on Sherburn's letter.  By letter dated February 2, 2004, Hartford notified Galutza that he was no longer eligible to receive long-term disability benefits because he no longer had a physician certifying disability.  Hartford advised Galutza that if he wished to appeal, he or his representative must "write to us" within 180 days from receipt of the letter, and that "[a]long with your appeal letter, you may submit written comments, documents, records and other information related to your claim."[1]  On February 12, 2004, Galutza sent Hartford an appeal letter, which Hartford received on  February 23, 2004.  Among other things, Galutza told Hartford the following: 1) that the videotape showing Galutza doing yard work in his front yard clearly showed Galutza

---

[1]  Galutza contends that Hartford's telling him that he could submit anything "related" to his claim falls short of the specific notice contemplated by ERISA, and deprived him of the full and fair review to which he was entitled.

having difficulty, and that it took Galutza all day to complete the work in a small yard; 2) that the video showing Galutza help his wife take scouts on a walk through a nature center was on flat trails, and that not far into the walk Galutza was unable to carry the light backpack he had been given and gave it to an eight year old scout to carry; and 3) that Galutza's workers compensation attorney had scheduled a deposition with Dr. Sherburn to discuss the doctor's letter.  By letter of March 26, 2004, Hartford denied Galutza's appeal on the grounds that his attending physician was not certifying disability.[2]  At his deposition on April 23, 2004, Dr. Sherburn testified that he was "suspending" his letter of December 18, 2003, and modifying his opinion to be that Galutza was subject to a "light duty" restriction.  By September 9, 2004, Sherburn had come full circle, when he wrote that "I do feel that [Galutza] has been totally disabled since his initial surgery and should continue to receive long-term disability benefits . . ."     Galutza seeks summary judgment on his breach of fiduciary duty claim and requests as his equitable remedy that the claim be remanded to Hartford for a new appeal wherein the entirety of his attending physician's opinions and related medical testimony may be considered.  Hartford contends that Galutza's claim for equitable relief fails because other ERISA relief is potentially available to him, and because Hartford substantially complied with ERISA's requirements.

        In *Varity Corp. v. Howe,* 516 U.S. 489, 492 (1996), the United States Supreme Court held that  29 U.S.C. § 1132(a)(3) authorizes ERISA plan beneficiaries to bring a lawsuit that seeks equitable relief for individual beneficiaries harmed by an administrator's breach of fiduciary

---

[2]  Galutza's counsel argues, among other things, that a fiduciary charged with acting in the interests of plan participants could reasonably have been expected to tell Galutza that he could "withdraw" his appeal until such time as he had obtained the deposition of the treating physician, so long as the renewed appeal was presented within the original 180-day appeal period.

obligations.  However,  the Court recognized that equitable relief[3] is appropriate only if no other adequate ERISA relief is available:

> [W]e should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate.[4]

*Id.* at 515.  In *Varity*, the plaintiffs, who had been misled through deception to withdraw from a solvent employee welfare benefit plan and switch to an insolvent plan, had to rely on the equitable remedy of reinstatement into the solvent plan because they otherwise had no remedy at all.

Hartford argues that this Court should refuse to permit Galutza to pursue his claim for equitable relief under § 1132(a)(3) where other ERISA relief *is potentially available* to Galutza.

Upon review of the case authority presented by the parties, the Court declines to adopt Hartford's suggested approach at this juncture.  The Federal Rules of Civil Procedure provide in pertinent part that "[a] party may join two claims even though one of them is contingent on the disposition of the other . . ."  FED.R.CIV.P. 18(b).  Under the atypical facts and unusual procedural posture of this case, this court cannot yet determine – as *Varity* requires – whether "no other adequate ERISA relief is available" under § 1132(a)(1)(B).  The court cannot determine whether equitable relief pursuant to § 1132(a)(3) is appropriate until after the parties brief their respective positions on  the (a)(1)(B) claim, and this court determines whether other adequate ERISA relief is available.

---

[3]  The term "equitable relief" in § 1132(a)(3) refers to "those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)."  *Mertens v. Hewitt Associates*, 508 U.S. 248, 256 (1993); *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 210 (2002).   A plan beneficiary may not be awarded compensatory damages as "appropriate equitable relief" under § 1132(a)(3).  *Callery v. U.S. Life Ins. Co.*, 392 F.3d 401, 409 (10th Cir. 2004).

[4]  In this regard *Varity* is consistent with the  general rule that equitable relief is available only in the absence of other adequate legal relief.  *Switzer v. Coan,* 261 F.3d 985, 991 (10th Cir. 2001).

The Second Circuit Court of Appeals has held that *Varity* "did not eliminate a private cause of action for breach of fiduciary duty when another potential remedy is available." *Devlin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76, 89 (2d Cir. 2001). The Second Circuit goes a step further than merely permitting the joinder of two possibly inconsistent claims – it permits its district courts to grant "appropriate equitable relief" *in addition to* other ERISA relief when a plaintiff succeeds on both claims. *Id.* Other circuits have clearly rejected that position. *See, e.g. Korotynska v. Metropolitan Life Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006); *Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir. 2006). Less clear is whether those circuit courts merely bar a plaintiff from obtaining relief simultaneously under (a)(1)(b) and (a)(3), or whether they impose an absolute bar to (a)(3) claims where an (a)(1)(B) claim is pled, even where the operative facts giving rise to the (a)(3) claim may not give rise to an (a)(1)(B) claim. This court does not suggest that a plaintiff should be permitted to obtain relief under both claims. It merely concludes that Galutza ought to be permitted to join the two claims until such time as it may be determined whether § 1132(a)(1)(B) affords him adequate relief. This "middle ground" would appear to be the proper approach in cases where the plaintiff's allegations in the two claims appear to differ, and where the plaintiff does not seek the same relief under both claims.

In *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604 (5th Cir. 1998), the Fifth Circuit affirmed a district court's dismissal of claims brought under both §§ 1132(a)(1) and 1132(a)(3) where the plaintiff failed to distinguish his claim for breach of fiduciary duty from his claims to recover benefits, and where the Court concluded that the plan administrator's interpretation of the ERISA plan was legally correct. *Id.* at 610. The plaintiff in *Tolson* appears to have sought no different relief under his claim for breach of fiduciary duty than that available under his claim for benefits.

5

*Id.* at n.17.  Here, in contrast, Galutza has adequately distinguished his two claims and seeks different forms of relief in each.  Hartford cites *Tolson* for language suggesting that a plaintiff should not be permitted to pursue a claim for breach of fiduciary duty under § 1132(a)(3) where the plaintiff alternatively seeks redress pursuant to § 1132(a)(1).  Closer scrutiny suggests that *Tolson* should be read in connection with its particular facts.  Both claims turned on the same issue – whether the plan administrator's interpretation of the plan was legally correct.  Insofar as plaintiff Tolson failed to distinguish his claim for breach of fiduciary duty from his claim for benefits, Tolson clearly had "adequate redress for [his] disavowed claims through his right to bring suit pursuant to section 1132(a)(1)," and had "no claim for fiduciary duty under section 1132(a)(3)."  Furthermore, the court in *Tolson*  first evaluated and decided the section 1132(a)(1)(B) claim before deciding that Tolson had been afforded adequate relief under the facts of the case.

The approach suggested by Hartford – to disallow Galutza's claim for equitable relief under § 1132(a)(3) where other ERISA relief is *potentially* available to him –  would not only deprive a plaintiff of the right to plead alternative and inconsistent claims for relief, it would mandate the premature dismissal of a claim for equitable relief even in the rare case where it later becomes clear that no other adequate ERISA relief is available.[5]  This may be such a case, as Galutza's breach of fiduciary duty claim appears to contain different substantive elements than those which may be

---

[5] *Tolson* has been cited by a district court in this circuit for its statement that "[t]he simple fact that Tolson did not prevail on his claim under section 1132(a)(1) does not make his alternative claim under section 1132(a)(3) viable." 141 F.3d at 610; *see Arocho v. Goodyear Tire & Rubber Co.*, 88 F.Supp.2d 1175, 1185 (D.Kan. 2000).  The statement is true in the context of the case, as Tolson did not adequately distinguish his breach of fiduciary duty claim from his benefits claim, sought the same relief under both claims, and because the court ultimately determined that Tolson had adequate redress for his disavowed long-term disability claims through his § 1132(a)(1) claim.  The statement does not mean that the mere presence of an alternative § 1132(a)(1) claim automatically precludes the potential viability of a § 1132(a)(3) claim for equitable relief.  The *Varity* question of whether "no other adequate ERISA relief is available" should be addressed before the viability of a § 1132(a)(3) claim for equitable relief can be resolved.

presented in the context of his (a)(1)(B) claim.  For instance, as noted in footnote 2 above, Galutza's counsel argues that a fiduciary charged with acting in the interests of plan participants could reasonably have been expected to tell Galutza that he could "withdraw" his appeal until such time as he had obtained the deposition of the treating physician, so long as the renewed appeal was presented within the original 180-day appeal period. The parties have not briefed the issue of whether this argument may be presented within the context of Galutza's (a)(1)(B) claim.  If it cannot, a remedy for the alleged breach of that fiduciary duty would be unavailable under (a)(1)(B), and hence legally inadequate under *Varity*.  Until the issue is briefed and decided, the (a)(3) claim should remain as an alternative, contingent claim.

Hartford does not cite, and this Court has not found, precedential Tenth Circuit authority on the availability of fiduciary duty claims under § 1132(a)(3) when brought concurrently with claims for improper denial of benefits under § 1132(a)(1)(B).  Hartford cites two (2) unpublished cases, discussed below, which are not precedential.  Tenth Cir.R. 32.1(A).

In *Moore v. Berg Enterprises, Inc.*,  201 F.3d 448 (Table), 1999 WL 1063823 (10th Cir. 1999)(unpublished), the plaintiff sought not only disability benefits under § 1132(a)(1)(B), but also relief under § 1132(a)(3) for a breach of fiduciary duty, and monetary relief under § 1132(c)(1) for an administrator's failure or refusal to comply with a request for information.  *Id.* at 2, n.2.  The *Moore* court affirmed the district court's grant of summary judgment on the grounds that the § 1132(a)(1)(B) and (c)(1) claims were time-barred.  *Id.* at 2.  In a footnote, it stated that § 1132(a)(1)(B) provided adequate relief and that "under the undisputed circumstances of this case," Moore was not entitled to "repackage his ... 'denial of benefits' claim as a claim for 'breach of fiduciary duty [ ]' and seek relief under section 1132(a)(3)."  *Moore,* p. 2 at n.2.  In the instant case,

7

the parties and the Court have yet to address Galutza's claim for denial of benefits.  It would be premature at this stage to determine whether Galutza's claim for equitable relief is merely an attempt to repackage his denial of benefits claim and whether other adequate ERISA relief is available.

In *Lefler v. United Healthcare of Utah, Inc*., 72 Fed.Appx. 818, 2003 WL 21940936 (10th Cir. 2003)(unpublished), the plaintiffs brought a class action seeking to recover benefits due under § 1132(a)(1)(B) and for equitable relief under § 1132(a)(3).  *Id.* at 819.  The *Lefler* court determined that consideration of the § 1132(a)(3) claim would be improper when the §1132(a)(1)(B) claim provided adequate relief for alleged class injury."  *Id.* at 826.  As previously stated, due to the procedural posture of this case, this Court has not been afforded the opportunity to determine whether Galutza's § 1132(a)(1)(B) claim provides adequate relief.

In *Jones v. American Airlines, Inc.*, 57 F.Supp.2d 1224 (D.Wyo. 1999), the court dismissed the § 1132(a)(3) claim for breach of fiduciary duty "to the extent that it [was] premised on wrongful denial of benefits," but the plaintiff in *Jones* also alleged breach of fiduciary duty "based on the Plan's failure to comply with ERISA's notice requirements when it denied [plaintiff's] claim . . ." The defendants did not dispute that the notice was insufficient, and the court remanded to matter for further review by the plan administrator.  *Id.* at 1237-38.  The Wyoming federal court distinguished between a § 1132(a)(3) claim premised on wrongful denial of benefits, and  a § 1132(a)(3) claim premised on  failure to comply with notice requirements.  Here, as in the surviving § 1132(a)(3) claim in *Jones*, Galutza alleges that Hartford's denial notice was "defective and intentionally misleading."  Complaint, ¶ 36.  Furthermore, the plaintiff in *Jones* appears to have been allowed to pursue both her claim for wrongful denial of benefits under (a)(1)(B) and an alternative (a)(3) claim for breach of fiduciary duty premised on failure to comply with notice requirements.

In *Arocho v. Goodyear Tire & Rubber Co.*, 88 F. Supp. 2d 1175 (D. Kan. 2000), the district court granted defendants summary judgment on plaintiff's § 1132(a)(3) claim.  First, the court noted that plaintiff's breach of fiduciary duty claim was "essentially an equitable, alternative claim for the same benefits sought in count one under § 1132(a)(1)(B)," and concluded that equitable relief for the same benefits was not appropriate.  *Id.* at 1185.  Second, the court concluded that "[e]ven assuming the plaintiff could show that the only remedy available to her was this equitable relief, the defendants would still be entitled to summary judgment on this count."  The plaintiff merely repeated arguments raised in connection with her claim under § 1132(a)(1)(B), which the court rejected for reasons it had previously stated.  *Id.* at 1186.  In contrast, Galutza's breach of fiduciary duty claim is one for equitable relief only, and the parties here have not yet made their arguments in connection with the § 1132(a)(1)(B) claim.

The allegations Galutza makes and the remedy Galuza seeks (remand) in connection with his breach of fiduciary duty claim may be appropriately made and sought in connection with his § 1132(a)(1)(B) claim.  *See Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 477-78 (7th Cir. 1998)(remand granted on (a)(1)(B) claim); *Korotynska*, 474 F.3d at 107 ("[t]his court has held that review of a benefits determination under § 1132(a)(1)(B) should consider, among other factors, . . . "whether the decision was consistent with the procedural and substantive requirements of ERISA," and "the fiduciary's motives and any conflict of interest it may have.").  If so, § 1132(a)(1)(B) would likely afford Galutza adequate relief.  The court may direct the parties at the upcoming status conference to brief this specific issue for the court's consideration.

Lastly, Hartford asks the court reject Galutza's claim for breach of fiduciary duty on the basis that its denial notice was substantially compliant with the requirements of 29 U.S.C. § 1133.

9

Evaluation of the issue would be premature in light of the court's determination that other issues, identified above, must first be presented to and decided by this court.

WHEREFORE, Plaintiff's Motion for Summary Judgment on his Breach of Fiduciary Duty Claim [Docket # 27] is denied. Hartford's request for judgment in its favor on Galutza's claim for equitable relief must be denied, as it remains to be determined whether other adequate ERISA relief is available to Galutza under his § 1132(a)(1)(B) claim. This matter is set for a status conference on the 30th day of June, 2008 at 9:30 a.m.

DATED this 12th day of June 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma